IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

KEVIN LYON,

        Plaintiff,

v.                                        Case No. 12-2176-JTM

LISA MORELAND-LYON,

        Defendant.

MEMORANDUM AND ORDER

The following matter comes to the court on petitioner Kevin Lyon's Motion for Attorney Fees (Dkt. 27). On June 1, 2012, this court granted Mr. Lyon's Verified Petition for Return of Child (Dkt. 1) and ordered that his minor son F.M.S.L. be returned to England. *See* Dkt. 23. The International Child Abduction Remedies Act provides that a court ordering the return of a child pursuant to an action brought under the act "shall" order the respondent to pay the petitioner's "necessary expenses" unless the respondent shows that such an order would be "clearly inappropriate." Here, the petitioner has provided proof of the requested fees and expenses. However, the respondent has established that an award of fees and expenses would be clearly inappropriate. Accordingly, the court denies the petitioner's Motion.

ICARA has adopted the Hague Convention's provisions governing removal and retention of a child internationally. The statute explicitly adopts an attorneys' fees provision:

> Any court ordering the return of a child pursuant to an action brought under section 11603 of this title shall order the respondent to pay

> necessary expenses incurred by or on behalf of the petitioner, including court costs, legal fees, foster home or other care during the course of proceedings in the action, and transportation costs related to the return of the child, unless the respondent establishes that such order would be clearly inappropriate.

42 U.S.C. § 11607(b)(3). "The purpose of this requirement is to restore the petitioner to the financial position he or she would have been in had there been no removal and to deter such conduct from happening in the first place." *Cook v. Cook*, No. CV-07-8099, 2007 WL 3120122, at *1 (D.Ariz. Oct. 23, 2007). Because this court ordered the return of the child in this action pursuant to 42 U.S.C. § 11603 (see Dkt. 23), the court must award the necessary expenses described in the statute unless the respondent establishes that such an award is clearly inappropriate.

Mr. Lyon has presented the following facts in support of his Motion. First, he has shown that the filing fees paid to this court were $350.00. Second, he has presented an engagement letter with his American firm, Miles & Stockbridge, P.C., which provides that his attorney's fees (not including out-of-pocket expenses) shall be capped at $10,000. The Letter further provided that any representation worth over $10,000 shall be provided on a pro bono basis. Mr. Lyon has also presented evidence showing that Miles & Stockbridge performed 116.7 hours of legal work on this case. Based on Miles & Stockbridge's claimed rate, the total value of Mr. Lyon's representation was $44,186.57. However, the $10,000 cap on fees results in petitioner asking for an effective hourly rate of $86 in attorneys' fees. The plaintiff does not challenge this as unreasonably high, and this court has no reason to find it as such.

2

Third, Mr. Lyon has provided invoices from Miles & Stockbridge, showing $5,531.03 of out-of-pocket expenses incurred by the law firm. Mr. Lyon's contract with the firm requires him to pay for these expenses. Fourth, Mr. Lyon has provided documentation of the hours billed by his counsel in England in the amount of $221.57. Finally, Mr. Lyon has shown evidence of his own travel costs incurred in this case totaling $2,462.70.

The court finds that all of these amounts were "related to the return of the child," as required by 42 U.S.C. § 11607(b). Although this court may have discretion to reduce petitioner's legal costs on the grounds of "duplication, padding, or frivolity," it declines to do so. *See In re Application of Hirts*, 2004 WL 1588227 at *1 n. 1 (E.D. Penn. July 13, 2004). An attorney's bill is appropriately reduced where an experienced attorney who has prepared similar pleadings on prior occasions bills for time commensurate with drafting pleadings from scratch. *See id.* (citing to *Berendsen v. Nichols*, 938 F. Supp. 737, 738 (D. Kan. 1996). However in this case, the contractual $10,000 cap on attorneys' fees allays any concerns the court might otherwise have regarding overlap in hours by Miles & Stockbridge's preparation of pleadings in similar Hague cases. Therefore, the court will consider the total sum of $18,565.30 in fees, costs and expenses in calculating an appropriate award to petitioner.

Respondent argues that awarding any attorneys' fees and costs would be clearly inappropriate because of the similar respondent's "straitened financial circumstances." The court has the discretion to reduce any potential award to allow for the financial condition of the respondent. *Berendsen v. Nichols*, 938 F. Supp. 737, 739 (D. Kan. Sept. 19,

1996). In *Berendsen*, the court reduced the fee award in an ICARA case by 15% because of the respondent's financial status. *Id.*

Respondent relies on an ICARA case from the Eastern District of Pennsylvania to argue that no fees should be awarded against her. The court in *In re Application of Hirts*, found it clearly inappropriate to award any of the petitioner's $31,958.45 in expenses and costs against one respondent who had "straitened financial circumstances."  *See* 2004 WL 1588227 at *1 n. 1. The court explained that the respondent held assets totaling $610.22, was unable to become employed because of her immigration status, resided with her children in a women's shelter, and received government assistance to cover their daily living expenses. *Id.* However, the court held the other respondent in the case responsible for paying $20,000 of the petitioner's expenses. *Id.* The court explained that the second respondent held assets of $42,695.73 and received a pension of $300 per month. *Id.* Additionally, the court noted that she had no obstacle preventing her from working in some capacity. *Id.* Although the court stated that this second respondent suffered from straitened financial circumstances, it pointed out that her position was "in no way as severe" as the first respondent's. *Id.* As a result, the second respondent was required to pay the petitioner's expenses, but the court reduced the amount by 37%. *See id.*

In the case at hand, the court recognizes the respondent's straitened financial circumstances. She currently has no job in England, no income, no car, and no savings. She applied for financial aid and housing benefits in England, but has been unable to

4

receive either because of a habitual residence test. At this point, respondent is living on loans from her family to support herself and her young child.

Respondent has not identified any obstacles preventing her from getting a job. However, petitioner stopped paying $450 per month in child support to respondent in February 2012. Since February, respondent has received only $189 from petitioner in child support. Meanwhile, respondent has paid $3,031.49 in moving and basic living expenses. Additionally, she paid $2,505.00 for airline tickets to England for a hearing at the High Court in London. Although petitioner was ordered by this court to pay for those airline tickets (see Dkt. 23, pg. 13), he has not reimbursed respondent for them.

Given the respondent's financial position, this court finds that awarding any of petitioner's attorneys' fees against the respondent would be clearly inappropriate.

IT IS THEREFORE ORDERED this 1st day of November, 2012, that the petitioner's Motion for Attorney Fees is denied.

s/J. Thomas Marten  
J. THOMAS MARTEN, JUDGE